UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARTFORD FIRE INSURANCE
COMPANY, TWIN CITY FIRE
INSURANCE COMPANY, and
HARTFORD UNDERWRITERS
INSURANCE COMPANY,                    Case No. 21-12689

    Plaintiffs,
                                        Hon. George Caram Steeh

v.

W. P. M. CONSTRUCTION
SERVICES, INC.,

    Defendant.
_____/

OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT (ECF NO. 18)

Plaintiffs Hartford Fire Insurance Company, Twin City Fire Insurance Company, and Hartford Underwriters Insurance Company (collectively "Hartford") seek summary judgment on their breach of contract and account stated claims against Defendant W.P.M. Construction Services, Inc. ("WPM").

Hartford issued four insurance polices to WPM: general liability policies for 2019-2020 and 2020-2021, and workers' compensation policies for 2019-2020 and 2020-2021. WPM paid estimated premiums for those

policies based upon information it provided to Hartford. The premiums were subject to audit, meaning they could be adjusted once Hartford audited WPM's books and records. Hartford conducted several audits, after which it determined that WPM owed additional amounts for the policy premiums.

With respect to the 2019-2020 Liability Policy, Hartford audited WPM's books and records on August 24, 2020, and determined that WPM owed an additional $203,293.00 ECF No. 18-1, Ex. B. With respect to the 2019-2020 Workers' Compensation Policy, Hartford conducted an audit on September 16, 2020, and concluded that WPM owed an additional $251,562.00. *Id.* On August 13, 2021, Hartford audited WPM's books and records for the 2020-2021 Liability Policy and determined that WPM owed additional premiums in the amount of $49,525.00. On August 25, 2021, Hartford conducted an audit with respect to the 2020-2021 Workers' Compensation Policy and concluded that WPM owed an additional $116,063.00. *Id.* Hartford provided WPM with final audit statements and notice of the premium adjustments. *Id.*

In total, Hartford alleges that WPM owes $620,443.00 in premiums based upon its audits. WPM has not paid the amount that Hartford claims it owes, asserting that Hartford's audit results are inaccurate.

## LAW AND ANALYSIS

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Dist. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In response to a properly supported motion for summary judgment, the opposing party must come forward with specific evidence showing there is a genuine issue of fact for trial. *Anderson*, 477 U.S. at 252.

To establish a claim for breach of contract, Plaintiffs must prove (1) there is a valid contract between the parties; (2) Defendant breached the contract; and (3) Plaintiffs were damaged as a result of the breach.

*Bank of Am., NA v. First Am. Title Ins. Co.*, 499 Mich. 74, 100, 878 N.W.2d 816, 829 (2016). Plaintiffs provided insurance coverage to Defendant in return for the payment of premiums. The insurance policies at issue state: "In return for the payment of premium, and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy. . . . The Advance Premium shown may be subject to adjustment." ECF No. 18-1 at PageID 103. Specifically, "[t]he premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required below is subject to verification and change by audit." *Id.* at PageID 113. Plaintiffs have provided documentation regarding the results of their audits, showing that additional amounts are due for the contracted coverage.

Defendant does not dispute that the parties had a valid contract and that the premiums for the policies were subject to audit and adjustment. Rather, Defendant alleges that Plaintiffs' audit results are inaccurate. Defendant has not, however, specifically shown how the results are inaccurate. For example, Defendant argues that the "audit does not accurately reflect W.P.M.'s Owner Controlled Insurance Programs (OCIP), Contractor Controlled Insurance Programs (CCIP), and payroll records. Defendant's vice president, Tre Leoni, testifies in his declaration that the

exposure and expenditure numbers identified in Plaintiffs' audit do not match W.P.M.'s records and are erroneous." ECF No. 21 at PageID 176, 182. Defendant provides no evidence demonstrating any inaccuracies, however. Defendant's conclusory allegations are insufficient at this stage of the proceedings. *See Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) ("Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment"); *Doren v. Battle Creek Health Sys.*, 187 F.3d 595, 598-99 (6th Cir. 1999) (conclusory affidavit devoid of "specific facts" cannot create genuine issue of material fact). To survive Plaintiffs' well-supported motion, Defendant must present specific facts – such as which numbers are inaccurate and why – to raise a genuine issue for the trier of fact.

     Instead, Defendant challenges the declaration of Michele Moran, submitted by Plaintiffs in support of their motion, arguing that she lacks personal knowledge or expertise qualifying her to testify in this case. Ms. Moran is a senior financial analyst employed by Plaintiffs. ECF No. 18-1. She attests that she has personal knowledge of the statements made in her declaration, based upon her job duties and review of Defendant's books and records. *Id.* at ¶ 1. She states that true and correct copies of the final audit results for each policy are attached to her declaration. *Id.* at ¶ 10.

Defendant's objections to Ms. Moran's declaration are conclusory and not well taken. Ms. Moran has personal knowledge of the audits at issue based upon her job duties as a senior financial analyst. She is not presenting expert opinion testimony, but is a fact witness. To the extent Defendant argues that Ms. Moran is not correctly reporting the audit results, it again fails to identify any errors with specificity.

Plaintiffs have presented evidence supporting their claim that Defendant breached the insurance policies by failing to pay the final adjusted premiums as determined by audit. In response, Defendant has presented only conclusory allegations and argument, which is insufficient to demonstrate a genuine issue of fact for trial.

Plaintiffs also assert a claim for account stated, which "is a contract based on assent to an agreed balance, and it is an evidentiary admission by the parties of the facts asserted in the computation and of the promise by the debtor to pay the amount due." *Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc.*, 494 Mich. 543, 557, 837 N.W.2d 244, 252-53 (2013) (citation omitted). An "account stated requires the manifestation of assent by both parties to the correctness of the statement of the account between them." *Id.* (citation omitted). A party's assent may be inferred by inaction, that is,

by failing to object to the amount due within a reasonable time. 494 Mich. at 558-59.

Plaintiffs presented Defendant with the results of its audits, final invoices, and demand letters. Defendant claims that it told Plaintiffs that the numbers were inaccurate, but has not submitted documentation or set forth specific facts in this regard. Defendant has not shown that it objected to Plaintiffs' audit results within a reasonable period of time.

Accordingly, Plaintiffs have established that they are entitled to summary judgment on their breach of contract and account stated claims. Under the circumstances, Plaintiffs' alternative claim of unjust enrichment is neither necessary nor viable. *See Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478, 666 N.W.2d 271, 280 (2003) (unjust enrichment claim is based in implied contract and may be asserted "only if there is no express contract covering the same subject matter"). The court will enter judgment in favor of Plaintiffs in the amount of $620,443.00, in addition to prejudgment interest from the date the complaint was filed. M.C.L. § 600.6013(8); *Perceptron, Inc. v. Sensor Adaptive Machines, Inc.*, 221 F.3d 913, 923 (6th Cir. 2000).

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion for summary judgment (ECF No. 18) is GRANTED.

Dated: May 23, 2023                     s/George Caram Steeh
                                        George Caram Steeh
                                        United States District Judge